Vol. 107]        JANUARY TERM, 1922.        607

State, ex rel. City of Lincoln, v. Marsh.

State, ex rel. City of Lincoln, relator, v. George W. Marsh, Auditor of Public Accounts, respondent.

Filed February 16, 1922.    No. 22590.

Municipal Corporations: Bonds: Elections: Primary and General. A state-wide primary election is a "general election" at which a majority vote is sufficient to carry a proposition to authorize the issuance of municipal bonds, within the meaning of the "Home Rule Charter" of the city of Lincoln, though the general city election is held on a different date and 60 per cent. of the vote on such a proposition is necessary to carry it at a special election.

Original proceeding in mandamus to compel respondent, as auditor of public accounts, to register bonds of relator. *Writ allowed.*

*C. Petrus Peterson, Charles R. Wilke* and *R. A. Boehmer,* for relator.

*Clarence A. Davis, Attorney General, contra.*

Heard before Morrissey, C. J., Aldrich, Flansburg and Rose, JJ., Dickson and Stauffer, District Judges.

Rose, J.

The city of Lincoln, Nebraska, relator, invokes the original jurisdiction of the supreme court for a peremptory writ of mandamus to compel the auditor of public accounts, respondent, to register municipal bonds of relator in the sum of $200,000. The bonds are called "Light Bonds." They are dated January 1, 1922, and bear interest at the rate of 5 per cent. per annum, payable semi-annually. The proposition to authorize the issuance of the bonds was submitted to the electors of relator April 20, 1920. There were 4,622 votes for and 3,533 against the bonds. Under the charter of relator a majority may vote bonds at a general election, but 60 per cent. of the total vote on the proposition is necessary, if submitted at a special election. Respondent resists the allowance of the writ on the sole ground that the bond proposition was not submitted at a general election, and did not re-

State, ex rel. City of Lincoln, v. Marsh.

ceive an affirmative vote of 60 per cent. at a special election.

Relator is governed by what is called a "Home Rule Charter." Thereunder provision is made for holding general city elections the first Tuesday in May in odd-numbered years. The charter provides that a proposition to authorize the issuance of utility bonds may be submitted either at "a general election" or "a special election called for that purpose." The 60 per cent. vote essential to a bond issue is required only at a special election. The question therefore is: Was the majority vote in favor of the bonds April 20, 1920, cast at "a general election," within the meaning of the city charter? That was the regular date on which the general state-wide primary election was held pursuant to statute. The polls were open in all voting precincts of relator and elsewhere in the state. The state-wide primary is part of the election system of Nebraska and is commonly understood to be a general election. The general law, operating automatically as to time, fixes the date of the state-wide primary without any other intervening cause. The public interest in the nomination of candidates for office is an inducement to the exercise of the elective franchise. The notice of the primary April 20, 1920, and of the bond proposition to be then submitted, was given alike to all voters of the city. This is clearly "a general election" within the meaning of the relator's charter. It is thus distinguished from "a special election" called by the city council for the purpose of submitting to the electors a proposition to authorize the issuance of municipal bonds, where an affirmative vote of 60 per cent. is required.

The conclusion is that respondent, though prompted by a sense of public duty in refusing to register the bonds, has misconstrued the "Home Rule Charter" of the city of Lincoln and has pleaded no defense to the application.

WRIT ALLOWED.